IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTORS OF THE ENEMY<br>OF ALIEN CONTROL UNIT OF<br>THE DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant.<br>_____/ | Case No. 07-cv-0508 LJO TAG<br><br>REPORT AND RECOMMENDATION<br>TO DISMISS ACTION AS FRIVOLOUS,<br>MALICIOUS, AND FOR FAILURE TO<br>STATE A CLAIM UPON WHICH RELIEF<br>MAY BE GRANTED<br>(Doc. 1)<br><br>RECOMMENDATION THAT THIS DISMISSAL<br>COUNT AS A STRIKE PURSUANT TO<br>28 U.S.C. § 1915(g) |

　　　　Plaintiff James E. Smith ("Smith"), a state prisoner proceeding pro se and in forma pauperis ("IFP"), filed the instant civil complaint on March 26, 2007 under 28 U.S.C. § 1651 (the All Writs Act), 5 U.S.C. § 552(a)(4)(E)[1] (the Freedom of Information Act), and Federal Rule of Civil Procedure 81.  (Docs. 1, 4).  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

　　　　Pursuant to 28 U.S.C. §§ 1915A(b) and (e)(2)(B), this Court must "screen" a complaint filed by a prisoner proceeding IFP to determine whether the case should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary damages from a party immune from this form of relief.  28 U.S.C. §§ 1915A(b) and (e)(2)(B).

　　　　A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v. Williams,

---

[1] Smith incorrectly cites this as "28 U.S.C. § 552(a)(4)(E) (FOIA)."  (Doc. 1, caption). The Freedom of Information Act ("FOIA") is found in Title 5 of the United States Code; section 552(a)(4)(E) enables the court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

1

490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28.  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 325, 109 S.Ct. at 1831-32; <u>Franklin</u>, 745 F.2d at 1228.  The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith.  <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46, 35 S.Ct. 236, 238  (1915); see <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

During the screening process, this Court considers whether the plaintiff has complied with Federal Rule of Civil Procedure 8(a), which requires that:

> A [complaint] shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity specific overt acts which the defendant(s) engaged in that support plaintiff's claim.  <u>Id.</u>  The Rule 8(a) statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002) (citations omitted).  Although a plaintiff need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and there

2

is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).[2]

In the complaint, Smith alleges that the defendant Directors of the Enemy of Alien Control Unit of the Department of Justice, and all parties "acting in concert with them in their official, personal, and individual capacities" (the "DOJ"), had a

> present and ministerial duty to abide by and adhere to the exercise of sound discretion governed by legal rules to do justice according to the laws in conducting hearing and providing plaintiff with and the public with accurate information . . . and to disseminate accurate information under the Due Process and Equal Protection of the United States.

(Doc. 1, pp. 1-2). Smith adds that Title 50, section 21 of the U.S. Code also forms the basis of the DOJ's wrongdoings. (Id. at 2). This provision addresses the "[r]estraint, regulation, and removal" of "alien enemies," i.e., the detention and/or removal of individuals living in the United States who have yet to become citizens and who are from a country with which the United States currently is at war. 50 U.S.C. § 21. Smith, however, fails to state how this provision applies to him. (See Doc. 1). In addition, Smith asserts that the DOJ deprived him of his constitutional rights to free speech, equal protection, and liberty without due process of law, in violation of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution. (Doc. 1, p. 2). Smith further alleges that the DOJ violated the Ex Post Facto Clause, U.S. Const., art. I, § 9, cl. 3, and libeled and/or slandered him by disclosing privileged information concerning him. (Id. at 2). Smith requests that a panel of three

---

[2] If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Id. at 1128.

judges enter a ruling in his case, citing 28 U.S.C. § 2283.[3] (Id.). Smith seeks the following relief from this Court: a writ of mandamus, injunction, and/or "declaratory relief" that directs the DOJ to stop engaging in unconstitutional activities and to provide information acknowledging that plaintiff is a U.S. citizen, not an illegal alien or enemy. (Id. at 2-3). Smith also prays for damages, attorneys fees, and costs. (Id. at 3).

Smith filed his complaint pursuant to the All Writs Act, which provides that:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. The All Writs Act does not confer original jurisdiction on federal courts. Id.; Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). Instead, the All Writs Act

is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Pennsylvania Bureau of Corrs. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361 (1985); In re Estate of Ferdinand Marcos Human Rights Litigation, 94 F.3d 539, 546 n.9 (9th Cir. 1996). Thus, even if jurisdiction is properly pled, to the extent that Smith seeks an injunction or a writ of mandamus under the All Writs Act, such relief should be granted "only in the most critical and exigent circumstances [] when"the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682, 683 (1986) (quotations and citations omitted)). In the instant case, Smith has not alleged a jurisdictional basis for his request for relief, as required under

---

[3] Title 28, section 2283 of the United States Code, entitled "State Court Jurisdiction, provides that: A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

4

Fed.R.Civ.P. 8(a), nor has he made a showing that he is entitled to relief under the All Writs Act.[4]

To the extent that Smith alleges that the DOJ violated his constitutional rights, the action <u>sub judice</u> can be construed as a civil rights complaint, filed pursuant to 42 U.S.C. § 1983.[5] To state a claim for injunctive or monetary relief under § 1983, the plaintiff must allege that (1) the defendant acted under color of state law (federal law under <u>Bivens</u> (see below and n. 5)) and (2) the defendant deprived plaintiff of rights secured him by the Constitution or federal law.  42 U.S.C. § 1983; <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05 (1971); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).

In the instant case, Smith alleged that a division of the DOJ, which division may or may not exist, deprived him of various constitutional rights.  Smith's complaint, however, is devoid of any factual allegations from which it can be determined what acts or omissions the DOJ engaged in that resulted in the deprivation of his rights or specifying what injuries he has suffered.  <u>Swierkiewicz</u>, 534 U.S. at 512, 122 S.Ct. at 998; <u>Jones</u>, 733 F.2d at 649; Fed.R.Civ.P. 8(a)(2).  Instead, Smith makes conclusory allegations that the DOJ violated his constitutional rights. (Doc. 1).  Accordingly, Smith's complaint not only fails to state a claim upon which relief can be granted under § 1983/<u>Bivens</u>, but the complaint itself is frivolous.  <u>Neitzke</u>, 490 U.S. at 325, 109 S.Ct. at 1831-32; <u>Franklin</u>, 745 F.2d at 1228.

The only relatively clear allegation in Smith's complaint is for defamation, presumably based on statements concerning his citizenship. (Doc. 1).  Defamation, however, generally is based on state law and Smith has provided no cause of action supporting federal jurisdiction over this

---

[4] To the extent that the caption of the complaint cites the FOIA as a cause of action, the correctly cited provision – 5 U.S.C. § 552(a)(4)(E) – is not a basis for jurisdiction, as it merely enables the prevailing party in an FOIA action to collect attorneys fees and costs.  <u>See</u> fn. 1.  The only reference Smith makes to the the FOIA is his prayer for relief. (Doc. 1).  Assuming, <u>arguendo</u>, that one of the causes of action underlying Smith's complaint is the FOIA, Smith has failed to state a claim upon which relief could be granted, as he has not set forth any facts alleging that he had requested documents from the DOJ pursuant to the FOIA, and the DOJ failed to honor his requests.  (<u>Id.</u>); <u>see</u> 5 U.S.C. § 522(A) and (B).

[5] The availability of a cause of action for monetary damages and/or injunctive relief against federal officials for violating a constitutional right was established in <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05 (1971) ("<u>Bivens</u>").

1  allegation. Moreover, this portion of the complaint suffers from the same deficiencies as discussed
2  with respect to the § 1983/<u>Bivens</u> claims and, therefore, fails to save the complaint.
3      To date, Smith has filed thirty-nine (39) actions in this Court. In several of these cases,
4  Smith has been placed on notice as to the appropriate standard for obtaining injunctive relief and the
5  requisite detail that his complaints must contain to enable the Court to determine whether or not he
6  might be entitled to relief under federal law.[6] Despite this, Smith filed the instant action, which lacks
7  any showing that he is entitled to relief in federal court. The undersigned, therefore, finds that
8  Smith's complaint not only fails to state a claim upon which relief could be granted and is frivolous,
9  but also is malicious and intended to abuse the judicial process. Moreover, the Court finds that
10 justice does not require that Smith be granted leave to amend the complaint. <u>Lopez v. Smith</u>, 203
11 F.3d 1122, 1128, 1130 (9th Cir. 2000) (en banc).
12     Based on the foregoing, **IT IS HEREBY RECOMMENDED** that
13     1. The complaint, (Doc. 1), be dismissed with prejudice as frivolous, malicious, and for
14 failing to state a claim upon which relief could be based; and
15     2. The dismissal of this case be counted as a strike, pursuant to 28 U.S.C. § 1915(g).
16     This Report and Recommendation is submitted to the United States District Judge assigned
17 to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local
18 Rules of Practice for the United States District Court, Eastern District of California. Within fifteen
19 (15) days after being served with this Report and Recommendation, Smith may file written
20 objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's
21 Report and Recommendation." The District Judge will then review the Magistrate Judge's ruling
22 pursuant to 28 U.S.C. § 636 (b)(1)(C).
23 ///
24 ///
25

---

26    [6] The Court takes judicial notice of documents 24, 26, 43, 49, 55, and 68 in case no. 04-cv-5950,
<u>Smith v. Scribner</u>; documents 24, 25, and 30 in case no. 06-cv-0310, <u>Smith v. Scribner</u>; document 15 in case
27 no. 06-cv-1434, <u>Smith v. Prison Term Personnel</u>; and document 7 in case no. 07-cv-1800, <u>Smith v. Scribner</u>.
28

1       Smith is advised that failure to file objections within the specified time may waive the right
2 to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 IT IS SO ORDERED.

5 Dated:   **June 6, 2007**                                            **/s/ Theresa A. Goldner**
                                                                      UNITED STATES MAGISTRATE JUDGE